827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willard Donald GROSS, Defendant-Appellant.
 Nos. 86-6286, 87-5092
 United States Court of Appeals, Sixth Circuit.
 August 24, 1987.
 ORDER
 
 1
 Before RALPH B. GUY Jr. and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Defendant was convicted by a jury of conspiracy and counterfeiting charges in Federal District Court for the Eastern District of Kentucky. Defendant was sentenced to consecutive terms of five years imprisonment at the Federal Correctional Institution in Lexington and $2,500.00 on the conspiracy count and thirty months imprisonment and $2,500.00 on the counterfeiting count. This court affirmed defendant's convictions and mandate issued January 15, 1985.
 
 
 4
 Defendant, through counsel, filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, which was denied. Defendant fired his retained counsel and subsequently filed a second motion to vacate and an untimely motion for reduction of sentence under Fed. R. Crim. P. 35(b). These motions were denied and this court affirmed the denial of the motion to vacate as successive on three grounds. However, this court remanded the motion to the district court to determine whether the defendant had a claim for ineffective assistance of counsel because his retained counsel failed to file a timely Rule 35(b) motion. A magistrate held an evidentiary hearing and determined that defendant was not rendered ineffective assistance of counsel. The district court adopted the magistrate's findings and overruled defendant's motion to vacate. Defendant appealed in case number 86-6286 and we hereby affirmed for the reasons set forth in the district court opinion. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 5
 During this same period of time, defendant filed another Rule 35(b) motion which was denied on December 15, 1986. Defendant appealed this order on January 22, 1987 in case number 87-5092. Fed. R. App. P. 4(b) requires that an appeal from an order in a criminal case be taken within ten days of the entry of that order. Although this appeal period can be tolled pending a decision on a timely motion for arrest of judgment under Fed. R. Crim. P. 34 or a motion for a new trial under Fed. R. Crim. P. 33, the motions defendant tendered during the appeal period did not resemble in any way a motion for new trial nor a motion for arrest of judgment. Therefore, because defendant did not request nor receive an extension of time, his appeal from the district court order entered on December 15, 1986 was untimely and must be dismissed pursuant to Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 6
 Accordingly, in case number 86-6286 we hereby affirm, Rule 9(b)(5), Rules of the Sixth Circuit, and in case number 87-5092, we hereby dismiss for lack of jurisdiction, Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation